MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader, Bar No. 149638
david.schrader@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Brian M. Ercole (*pro hac vice* forthcoming)
brian.ercole@morganlewis.com
Matthew Papkin (*pro hac* vice forthcoming)
matthew.papkin@morganlewis.com
600 Brickell Ave, Suite 1600
Miami, FL 33131-3075
Tel: +1.305.415.3000
Fax: +1.305.415.3001

Mark A. Feller, Bar No. 319789
mark.feller@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: +1.415.442.1000
Fax: +1.415.442.1001

Attorneys for Defendant
TESLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRENA ZAKS and GARY ZAKS, on behalf of members of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC. d/b/a in California as TESLA MOTORS, INC. and Does 1 to 100,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>State Court Case No.: 23CV043575<br><br>Date Filed: September 12, 2023<br>Date Served: September 28, 2023 |

**TO THE CLERK OF THE NORTHERN DISTRICT OF CALIFORNIA AND PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Tesla, Inc. dba Tesla Motors, Inc. ("Defendant" or "Tesla"), by and through its counsel, hereby removes the above-entitled action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California:

**I.  PROCEDURAL BACKGROUND**

1. On September 12, 2023, Plaintiffs Irena Zaks and Gary Zaks ("Plaintiffs") filed a complaint (the "Action") in the Superior Court of the State of California, County of Almeda, titled *Irena Zaks and Gary Zaks, on behalf of members of the general public v. Tesla, Inc. d/b/a in California as Tesla Motors, Inc. and DOES 1 to 100*, Case No. 23CV043575.  The Complaint alleges one cause of action for violation of California Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq*.  This Action is related to three earlier-filed cases in this District:  (1) *James Porter, et al v. Tesla, Inc.*, Case No. 4:23-cv-03878-YGR (N.D. Cal.) (filed August 2, 2023); (2) *Alejandro Corono et al v. Tesla, Inc.*, Case No. 4:23-cv-03902-YGR (N.D. Cal.) (filed August 3, 2023); and (3) *Samuel Van Diest, et al v. Tesla, Inc.*, Case No. 4:23-cv-04098-YGR (N.D. Cal.) (filed August 11, 2023).

2. Plaintiffs seek public injunctive relief according to proof at trial, along with attorneys' fees and costs.

3. On September 28, 2023, Plaintiffs served Tesla with the Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, ADR Information Packet, Notice of Case Assignment, Notice of Case Management Conference, Certificate of Mailing, and Plaintiffs' Application in Support of Complex Case Designation.  Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the Complaint and all accompanying documents served upon Tesla in the Action.

4. The Summons, Complaint, Civil Case Cover Sheet, ADR Information Packet, Notice of Case Assignment, Notice of Case Management Conference, Certificate of Mailing, Plaintiffs' Application in Support of Complex Case Designation, Notice of Case Reassignment and Proof of Service of Summons constitute the entirety of the process, pleadings, and orders that have been filed and served in this case to date.

5. Tesla maintains its right to compel arbitration of Plaintiffs' claims, consistent with arbitration agreements that Plaintiffs entered into with Tesla.  In addition, Tesla disputes that Plaintiffs have adequately pled claims under the UCL or that Plaintiffs are entitled to public injunctive relief.

## II. REMOVAL IS TIMELY

6. Tesla has timely filed this Notice of Removal under 28 U.S.C. § 1446(b) because it is filed within thirty days service of the Summons and Complaint on Tesla on September 28, 2023. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that thirty-day removal period begins to run on the date of service). No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. THIS COURT HAS SUBJECT MATTER JURISDICTION

7. This Court has original subject matter jurisdiction under traditional diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

### A. Removal Under 28 U.S.C. § 1332(a)(1) Is Proper

8. Removal to this Court is proper under 28 U.S.C. § 1332 because (i) this Action involves citizens of different states and (ii) Plaintiffs' individual claims place more than $75,000 in controversy, exclusive of interests and costs.[1]

#### 1. Diversity Of Citizenship Exists

9. A case may be heard in federal court under traditional diversity jurisdiction if there is complete diversity, i.e., all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332(a). Removal to federal court is appropriate under 28 U.S.C. § 1332 provided no defendant is a citizen of the same state in which the action was brought. 28 U.S.C. § 1441(a), (b). Here, all requirements are met because Plaintiffs are citizens of California, while Tesla is a citizen of Texas and Delaware.

##### a. Plaintiffs Are Citizens Of California

10. Plaintiffs allege that they are residents of California and live in Los Angeles County. Ex. A (Compl. ¶¶ 3–4). Therefore, Plaintiffs are citizens of California for diversity jurisdiction purposes. 28 U.S.C. § 1332(c)(1); *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016,

---

[1] Tesla reserves the right to supplement or provide the Court with additional briefing or information necessary to assess the diversity requirements for jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) (noting that a party may "cure[] its defective allegations … by amending its notice of removal.").

1019 (C.D. Cal 2002) ("An individual is a citizen of the state in which he is domiciled."); *Lew v. Moss*, 797 F. 2d 747, 750 (9th Cir. 1986) (holding that for purposes of diversity, citizenship is determined by the individual's domicile when the lawsuit is filed).

### b. Tesla Is Not A Citizen Of California

11. For purposes of diversity, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)).

12. The United States Supreme Court has held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center"** and not simply an office where the corporation holds its board meetings[.]

*The Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (emphasis added).

13. Plaintiffs allege that Tesla "is a Delaware corporation, with its principal place of business in Austin, Texas." Ex. A (Compl. ¶ 7). Plaintiffs are correct that Tesla's principal place of business and headquarters are in Austin, Texas and that Tesla is now, and was at the time of the filing of this Action, a corporation organized and formed under the laws of the State of Delaware.[2]

14. Therefore, Tesla is a citizen of a state other than California within the meaning of 28 U.S.C. §1332(c)(1). Specifically, at all relevant times, Tesla has been a citizen of Delaware and Texas. *See Sare v. Tesla, Inc.* No. 222-CV-00547-JAM-CKD, 2022 WL 2817422, at *3

---

[2] Tesla's Form 10-K for the fiscal year ended December 31, 2022, which is a public document and publicly accessible through the United States Securities and Exchange Commission's website, lists Delaware as Tesla's State of Incorporation and 13101 Tesla Road, Austin, Texas as Tesla's principal executive offices: https://www.sec.gov/Archives/edgar/data/1318605/000095017023001409/tsla-20221231.htm.

1  (E.D. Cal. July 19, 2022) ("The Court therefore finds Tesla is a citizen of both Delaware, its place
2  of incorporation, and Texas."); *Monet v. Tesla, Inc.*, No. 5:22-CV-00681-EJD, 2022 WL
3  2714969, at *2 (N.D. Cal. July 13, 2022) ("Defendant [Tesla] is now a citizen of Texas and
4  Delaware").

5       15.    The citizenship of "Doe" defendants is disregarded for removal purposes. 28
6  U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998)
7  (holding that for removal purposes, the citizenship of defendants sued under fictitious names shall
8  be disregarded); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002)
9  (applying rule). Thus, the inclusion of "Doe" defendants in Plaintiffs' Complaint has no effect on
10 the requirements for removal.

11      16.    Accordingly, the diversity requirement is satisfied because Plaintiffs are citizens of
12 California and Defendant Tesla is a citizen of Delaware and Texas.

### 2. The Amount In Controversy Exceeds $75,000

14      17.    This Court has original jurisdiction over civil actions when the amount in
15 controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C.
16 §1332(a). Removal is proper because, from the allegations of the Complaint and the Notice of
17 Removal, it is more likely than not that the amount in controversy exceeds $75,000. *Sanchez v.*
18 *Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

19      18.    To satisfy the amount-in-controversy requirement, "a defendant's notice of removal
20 need include only a plausible allegation that the amount in controversy exceeds the jurisdictional
21 threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). The
22 "amount-in-controversy allegation of a defendant seeking federal-court adjudication should be
23 accepted when not contested by the plaintiff or questioned by the court." *Id.*

24      19.    Here, although Tesla denies Plaintiffs' factual allegations and denies that Plaintiffs
25 have stated a claim under the UCL or can obtain public injunctive relief, the amount in controversy
26 based on Plaintiffs' claims and allegations in the Complaint exceeds $75,000, exclusive of interest
27 and costs.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

20. Plaintiffs' request for attorneys' fees alone satisfies the amount in controversy. The Ninth Circuit has confirmed that both existing and potential future attorneys' fees must be included in determining the amount in controversy. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met").

21. Plaintiffs seek attorneys' fees pursuant to California Code of Civil Procedure section 1021.5. Ex. A (Compl., Prayer for Relief ¶ 2). That statute authorizes courts to award attorneys' fees "to a successful party" under certain circumstances. Cal. Code Civ. Pro. § 1021.5.

22. Although, Plaintiffs purport to bring their claim for public injunctive relief "on behalf of members of the general public" (Ex. A (Compl. at p.1)), the California Supreme Court and the Ninth Circuit recently have made clear that a request for public injunctive relief "does not constitute the pursu[it] of representative claims or relief on behalf of others," nor does it involve "prosecut[ing] actions on behalf of the general public." *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 959–60 (2017); *Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535, 542 (9th Cir. 2021); *see also Mack v. LLR, Inc.*, 2018 WL 6927860, at *6 (C.D. Cal. Aug. 15, 2018) (striking UCL claim seeking public injunctive relief "on behalf of the general public"). Because it is Plaintiffs (not the general public) who may be awarded attorneys' fees if their action succeeds, all potentially recoverable attorneys' fees must be included in the amount in controversy. *Fritsch*, 899 F.3d at 794.

23. According to attorneys' fees declarations submitted by Plaintiffs' counsel, Jordan L. Lurie charged $950/hour, Zev B. Zysman charged $635/hour, and Ari Y. Basser charged $395/hour. *See* Fee Declarations from *Victorino*, *Ridge*, and *Gallegos* matters. **Exhibits B**, **C**, and **D**.[3] This yields a blended rate of $660/hour. Courts in this District have approved hourly rates far exceeding these rates. *See, e.g., Skyline Advanced Tech. Servs. v. Shafer*, No. 18CV06641CRBRMI, 2020 WL 7025081, at *3 (N.D. Cal. Nov. 30, 2020) (collecting cases approving hourly rates of up to $1,600 for partners and $790 for associates).[4]

---

[3] The declarations reflect Mr. Zysman's and Mr. Basser's hourly rates from years ago, which presumably have increased.
[4] Tesla reserves the right to challenge the reasonableness of any hourly rate.

24. Tesla intends to move to dismiss the Complaint because, among other reasons, the claims are preempted by federal law. *See In re Ford Motor Co. F-150 & Ranger Truck Fuel Econ. Mktg. & Sales Pracs. Litig.*, 65 F.4th 851 (6th Cir. 2023) (finding claims that Ford misled customers into buying vehicles with exaggerated fuel economy estimates were preempted because they conflict with the EPA's regulatory scheme regarding fuel economy estimates). It also intends to move to stay this case because it is a later-filed action duplicative of other earlier-filed lawsuits against Tesla, based upon the same underlying legal theory. *See James Porter, et al v. Tesla, Inc.*, Case No. 4:23-cv-03878-YGR (N.D. Cal.); *Alejandro Corono et al v. Tesla, Inc.*, Case No. 4:23-cv-03902-YGR (N.D. Cal.); *Samuel Van Diest, et al v. Tesla, Inc.*, Case No. 4:23-cv-04098-YGR (N.D. Cal.). As Plaintiffs acknowledged in their Application in Support of Complex Case Designation, these three cases filed in the Northern District of California are "based on similar facts as the instant case," and will necessitate "additional case management or pretrial motions." Ex. A (Pls.' Application in Support of Complex Case Designation at 4).

25. Conservatively, just the hours required to research, brief, oppose, and potentially argue these motions, coupled with the time already spent preparing the Complaint, will likely exceed 115 hours. Applying a conservative blended rate of $660 per hour, Plaintiffs' attorneys' fees associated with these issues alone will exceed $75,000.

26. In addition, Plaintiffs have also acknowledged that "[t]his action will likely involve **numerous** pretrial motions, including discovery-related motions, motions for injunctive relief, motions for summary judgment and/or adjudication which will raise difficult or novel legal and factual issues that will be **time-consuming** to resolve." Ex. A (Pls.' Application in Support of Complex Case Designation at 3 (emphasis added)). Plaintiffs further represented that "this case will also involve complex issues relating to" Plaintiffs' request for "injunctive relief." *Id.* Finally, Plaintiffs stated that they anticipate discovery will involve "large amounts of documentary evidence" and "a large number of witnesses." *Id.* Given the complexity and scope of the issues presented in this case—according to Plaintiffs themselves—it is clear that the attorneys' fees to litigate this case will far exceed $75,000.

27. Moreover, Tesla intends to vigorously defend itself in this litigation. Plaintiffs will incur significant costs at each stage of this litigation, including, but not limited to, preparing for and attending case management conferences, preparing, serving, and responding to document requests, taking and defending depositions, pursing expert discovery, engaging in summary judgment motion practice, filing and responding to pretrial motions, and trying this case. Accordingly, any successfully litigated claim will necessarily involve fees well in excess of $75,000.[5]

28. In addition to attorneys' fees, the amount in controversy for a claim of nonmonetary relief also includes "the value of the object of the litigation." *Maine Cmty. Health Options v. Albertsons Companies, Inc.*, 993 F.3d 720, 723 (9th Cir. 2021) (citing *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977)).

29. More specifically, when the plaintiff seeks injunctive relief, "[u]nder the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce. *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). In other words, "the value of that injunctive relief may be considered from the viewpoint of the plaintiff (*i.e.*, the significance of the injunction to the plaintiff) *or* from the viewpoint of the defendant (*i.e.*, the cost of the injunction to the defendant)," whichever is greater. *Doe v. Aetna, Inc.*, No. 17-CV-07167-EMC, 2018 WL 1614392, at *4 (N.D. Cal. Apr. 4, 2018).

30. The Court should consider as part of the amount in controversy the total benefit to the public or the total injunctive cost to Tesla, because Plaintiffs allege that they are seeking to enforce a "right in which they have a common and undivided interest" with the general public. *Doe*, 2018 WL 1614392, at *4.[6] Plaintiffs seek an injunction requiring Tesla to make certain disclosures regarding battery range for all Tesla vehicles. Ex. A (Compl., Prayer for Relief ¶ 1).

---

[5] Tesla denies Plaintiffs' entitlement to any recovery or attorneys' fees and intends to vigorously defend itself. In that process, Plaintiffs will likely incur substantial attorneys' fees that further add to the jurisdictional amount. *See Fritsch*, 899 F.3d at 793–94 (noting that where the law entitles the plaintiff to an award of attorneys' fees if successful, "such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy").

[6] Tesla disputes that Plaintiffs have a "common and undivided" interest with other unidentified members of the general public.

31. Here, the value of the injunction exceeds $75,000. Plaintiffs allege that they "would have paid substantially less" for their Tesla vehicle had Tesla made the requested disclosures and that the public "will sustain" those future injuries "absent public injunctive relief. Ex. A (Compl. ¶ 66). Plaintiffs do not quantify the monetary harm that will be avoided by the requested disclosures for each Tesla vehicle. However, given that well over 75,000 Tesla vehicles are sold in California alone each year, it is reasonable to assume that the purported financial benefit to the public from Plaintiffs' request for public injunctive relief necessarily exceeds $75,000. In addition, from the viewpoint of Tesla, the cost of making additional disclosures for all Tesla vehicles would also increase the amount in controversy further above the $75,000 threshold.[7]

32. While Tesla disputes these allegations factually, and disputes that the claims are based on any cognizable legal theory, it is plain based on the nature of these allegations that the amount in controversy placed at issue from Plaintiffs' claim and request for public injunctive relief greatly exceeds $75,000.

33. Accordingly, the jurisdictional amount needed to establish diversity jurisdiction is met. Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2), and the Action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

## IV. VENUE

34. This Action was originally filed in the Superior Court for the County of Almeda. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V. NOTICE

35. Defendants will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

---

[7] "The value of an injunction may not be capable of precise determination, but precision is not required." *Luna v. Kemira Specialty, Inc.*, 575 F. Supp. 2d 1166, 1172 (C.D. Cal. 2008).

## VI. CONCLUSION

36. Based on the foregoing, Tesla removes the Action to this Court. If any question arises as to the propriety of the removal of this Action, Tesla respectfully requests the ability to conduct jurisdictional discovery by interrogatories or depositions to support that the amount in controversy is satisfied pursuant to 28 U.S.C. § 1332 and the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: October 27, 2023

By: */s/ David L. Schrader*
David L. Schrader
Brian M. Ercole
Mark A. Feller
Matthew Papkin
MORGAN, LEWIS & BOCKIUS LLP

*Attorneys for Defendant Tesla, Inc.*