# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
09/28/2023
CT Log Number 544823712

## Service of Process Transmittal Summary

**TO:**      LEGAL DEPARTMENT - SOP
           TESLA, INC.
           901 PAGE AVE
           FREMONT, CA 94538-7341

**RE:**      **Process Served in California**

**FOR:**     Tesla, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | IRENA ZAKS and GARY ZAKS, on behalf of members of the general public vs. TESLA, INC. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Civil Case Cover Sheet, Attachment(s), Addendum, Alternative Dispute Resolution, Stipulation, Notice(s), Certificate, Application |
| **COURT/AGENCY:** | Superior Court of California, Alameda County, CA<br>Case # 23CV043575 |
| **NATURE OF ACTION:** | Violation of California Unfair Competition Law |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/28/2023 at 12:26 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you (document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Jordan L. Lurie<br>POMERANTZ LLP<br>1100 Glendon Avenue, 15th Floor<br>Los Angeles, CA 90024<br>310-432-8492 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/29/2023, Expected Purge Date: 10/04/2023<br><br>Image SOP<br><br>Email Notification,  LEGAL DEPARTMENT - SOP  legalsop@tesla.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other



**CT Corporation**
**Service of Process Notification**
09/28/2023
CT Log Number 544823712

information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Thu, Sep 28, 2023
**Server Name:**             Jimmy Lizama

| Entity Served | TESLA INC |
|---|---|
| Case Number | 23CV043575 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
|  |  |  |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Tesla, Inc., d/b/a Tesla Motors, Inc., and Does 1 to 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Irena Zaks and Gary Zaks

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
<tr><td>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Alameda<br>09/14/2023<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ D. Drew _____ Deputy</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Alameda County Superior Court<br><br>1225 Fallon St.<br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>23CV043575 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jordan L. Lurie, Pomerantz LLP, 1100 Glendon Avenue,  Chad Finke, Executive Officer / Clerk of the Court

| DATE: September 12, 2023  09/12/2023<br>*(Fecha)* | Clerk, by _____ D. Drew _____ , Deputy<br>*(Secretario)*                    *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* TESLA, INC. d/b/a in California as TESLA MOTORS, INC.

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
09/12/2023 at 11:06:29 AM
By: Darrell Drew,
Deputy Clerk

1

**POMERANTZ LLP**

2  Jordan L. Lurie, (SBN 130013)
jllurie@pomlaw.com

3  Ari Y. Basser, (SBN 272618)
abasser@pomlaw.com

4  1100 Glendon Avenue
15th Floor Los Angeles, CA 90024

5  Telephone: (310) 432-8492

6

**LAW OFFICES OF ZEV B. ZYSMAN, APC**

7  Zev B. Zysman (SBN 176805)
zev@zysmanlawca.com

8  15760 Ventura Boulevard, Suite 700
Encino, CA 91436

9  Telephone: (818) 783 8836

10  Attorneys for Plaintiffs Irena Zaks
and Gary Zaks

11

12

13  **SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ALAMEDA**

14

15 | IRENA ZAKS and GARY ZAKS, on behalf
of members of the general public,

16

17  Plaintiffs,

18  vs.

19  TESLA, INC. d/b/a in California as TESLA
MOTORS, INC. and Does 1 to 100,

20  Defendants.

21

| Case No.   23CV043575

**COMPLAINT FOR:**

**PUBLIC INJUNCTIVE RELIEF
PURSUANT TO CALIFORNIA BUSINESS
AND PROFESSIONS CODE
SECTION 17200, ET SEQ.**

22

23

24

25

26

27

28

COMPLAINT

1     Plaintiffs Irena Zaks and Gary Zaks ("Plaintiffs"), on behalf of members of the general

2  public, bring this action under California law against Defendant Tesla, Inc. d/b/a Tesla Motors,

3  Inc. ("Defendant" or "Tesla"), upon information and belief, except as to their own actions, the

4  investigation of their counsel, and the facts that are a matter of public record, and alleges as

5  follows:

6                                **INTRODUCTION**

7     1.     This action, brought pursuant to the California's unfair business practices

8  statutes, California Business and Professions Code Section 17200, *et seq*. (the "UCL"), seeks

9  public injunctive relief only to protect members of the general public in California, including

10  potential customers of Defendant, from the threat of future injury for unfair business practices

11  resulting from Tesla's unfair and deceptive marketing of its electric vehicles' range.

12  Specifically, Plaintiffs seek to compel Tesla to disclose to the public that, with respect to Tesla

13  Model 3, S, Y and X (collectively the "Tesla Vehicles"): (1) Tesla's advertised total mileage

14  range for the Tesla Vehicles is based on charging the Vehicle to 100%, but Tesla discourages

15  charging its vehicles to 100%; therefore, Tesla's advertised mileage range for the Tesla Vehicles

16  is misleading; (2) the range of the Tesla Vehicles can drop by up to 50% in cold weather,

17  compared to advertised ranges; and (3) that the ranges of the Tesla Vehicles were not estimated

18  based on U.S. Environmental Protection Agency ("EPA") standardized formulae—despite

19  Tesla advertising the range estimates as "EPA estimates"—but instead based on Tesla's own

20  proprietary software method and algorithms for calculating range, which allowed for a more

21  aggressive estimate of total electric vehicle range.

22     2.     As this action seeks public injunctive relief only, and Tesla's arbitration

23  agreement bars public injunctive relief in any forum, Tesla's arbitration agreement is not

24  enforceable as to this claim, and this action is not precluded by Tesla's arbitration agreement

25  pursuant to *McGill v. Citbank, N.A.*, 2 Cal.5th 945 (2017).

26                                  **PARTIES**

27     3.     Plaintiff Irena Zaks is, and at all times relevant hereto has been, an individual

28  residing in Los Angeles, California.  At all times relevant, Irena Zaks has owned a 2022 Tesla

Page 1
COMPLAINT

1   Model S Long Range vehicle purchased from Tesla Motors, Inc.   Irena Zaks lost money or

2   property as a result of Tesla's misconduct as alleged herein in that she would not have

3   purchased her vehicle or would have paid less for it, had Tesla not acted as alleged herein.

4   Accordingly, Irena Zaks has standing to seek public injunctive relief.

5          4.      Plaintiff Gary Zaks is, and at all times relevant hereto has been, an individual

6   residing in Los Angeles.  Gary Zaks is the husband of Plaintiff Irena Zaks, is the primary driver

7   of the vehicle and uses the vehicle primarily for home and personal use, and has an ownership in

8   the vehicle.  Both Irena Zaks and Gary Zaks are financially responsible for the vehicle, which

9   includes but is not limited to paying for the cost of operating the vehicle. Irena Zaks and Gary

10  Zaks have both incurred an increase in the cost of operating the vehicle due to its reduced range.

11         5.      The reduced range of the vehicle has impacted Plaintiffs' cost of operating the

12  vehicle in various ways. Plaintiffs have had to charge the vehicle more frequently, leading to

13  increased electricity costs over time. With its reduced range, Plaintiffs' vehicle has depreciated

14  and will continue to depreciate in value faster than those that maintain a longer range. The

15  vehicle's reduced range has also caused "range anxiety," where Plaintiffs are constantly

16  concerned about running out of battery before reaching their destination. This has caused them

17  to take longer routes to ensure they pass by charging stations or avoid certain trips altogether.

18  These longer routes have caused increased monetary costs.

19         6.      Gary Zaks complained directly to Tesla regarding the issues alleged herein.  At

20  all times relevant, Gary Zaks has owned a 2022 Tesla Model S Long Range vehicle purchased

21  from Tesla Motors, Inc.  Gary Zaks lost money or property as a result of Tesla's misconduct as

22  alleged herein in that he would not have purchased his vehicle or would have paid less for it,

23  had Tesla not acted as alleged herein.  Accordingly, Gary Zaks has standing to seek public

24  injunctive relief.

25         7.      Defendant Tesla is a Delaware corporation, with its principal place of business in

26  Austin, Texas.  Tesla maintains manufacturing facilities in Fremont, California, where it

27  produces the Tesla Model 3, S, Y and X. Tesla designs, manufactures, advertises, markets, and

28  sells its electric vehicles, including the Tesla Vehicles, throughout the United States and

1     worldwide.  At all relevant times hereto, Tesla has conducted business within the State of

2     California.

3     **JURISDICTION AND VENUE**

4         8.      This action is brought pursuant to the UCL.  The remedies sought by Plaintiff

5     exceed the minimal jurisdictional limits of the Superior Court and will be established according

6     to proof at trial. This Court has jurisdiction over this action pursuant to the California

7     Constitution, Article VI, section 10. The California statutes under which this action is brought

8     do not specify any other basis for jurisdiction.

9         9.      This Court has jurisdiction over Tesla because it sells the Tesla Vehicles in the

10     State of California. Furthermore, Tesla has intentionally availed itself of the California market

11     so as to render the exercise of jurisdiction over Tesla by the California courts consistent with

12     traditional notions of fair play and substantial justice.

13        10.      Plaintiffs' knowledge of the alleged unfair business practices means that

14     Plaintiffs lack Article III standing for injunctive relief in federal court because they are already

15     on notice of Tesla's unfair and deceptive conduct alleged herein.

16        11.      Venue is proper in this County because California Code of Civil Procedure

17     sections 395 and 395.5, and case law interpreting those sections, provide that if a foreign

18     business fails to designate with the office of the California Secretary of State a principal place of

19     business in California, it is subject to being sued in any county in the State that plaintiff desires.

20        12.      On information and belief, Defendant is a foreign business entity, and has failed

21     to designate a principal place of business in California with the office of the Secretary of State

22     as of the date this Complaint was filed.  Thus, Defendant has no right to any particular venue

23     and Plaintiffs may file this complaint in any county in California.  *See Hardin v. San Jose City*

24     *Lines,* 103 Cal. App. 2d 688, 689 (1951); *see also Easton v. Sup.Ct. (Schneider Bros., Inc.),* 12

25     Cal. App. 3d 243, 246-247 (1970).  Moreover, venue is proper in this County because

26     Defendant maintains significant operations and transacts substantial business in Fremont, which

27     is in this County, Defendant entered into transactions and received substantial profits from

28     motor vehicle purchase agreements with persons, including Plaintiffs, in this County, and

1    because numerous members of the general public, whom this lawsuit is intended to protect, are

2    located here.

3                                    **TESLA'S MISCONDUCT**

4           13.    On July 27, 2023, Reuters published a Special Report entitled "Tesla Created

5    Secret Team to Suppress Thousands of Driving Range Complaints."  In the lead paragraph, Reuters

6    asserted that "About a decade ago, Tesla rigged the dashboard readouts in its electric cars to

7    provide 'rosy' projections of how far owners can drive before needing to recharge, a source told

8    Reuters. The automaker last year became so inundated with driving-range complaints that it

9    created a special team to cancel owners' service appointments."

10          14.    The Reuters Special Report states that, according to Reuters' interviews with

11   three automotive experts who have tested or studied the Tesla's vehicles, the Tesla Vehicles

12   often fail to achieve their advertised range estimates and the projections provided by the cars'

13   own equipment. Tesla hyped the range of its futuristic Tesla Vehicles, raising consumer

14   expectations beyond what the cars can deliver.

15          15.    The Reuters Special Report asserts that "Tesla years ago began exaggerating its

16   vehicles' potential driving distance – by rigging their range-estimating software. The company

17   decided about a decade ago, for marketing purposes, to write algorithms for its range meter that

18   would show drivers "rosy" projections for the distance it could travel on a full battery,

19   according to a person familiar with an early design of the software for its in-dash readouts.

20   Then, when the battery fell below 50% of its maximum charge, the algorithm would show

21   drivers more realistic projections for their remaining driving range, this person said. To prevent

22   drivers from getting stranded as their predicted range started declining more quickly, Teslas

23   were designed with a "safety buffer," allowing about 15 miles (24 km) of additional range even

24   after the dash readout showed an empty battery, the source said."  According to Reuters, the

25   directive to present the optimistic range estimates came from Tesla Chief Executive Elon Musk,

26   this person said.   "Elon wanted to show good range numbers when fully charged," the person

27   said, adding: "When you buy a car off the lot seeing 350-mile, 400-mile range, it makes you feel

28

                                      COMPLAINT

good." Tesla's intentional inflation of in-dash range-meter projections and the creation of its range-complaints diversion team have not been previously reported.

16.     At the time Tesla programmed in the rosy range projections, it was selling only two models: the two-door Roadster, its first vehicle, which was later discontinued; and the Model S, a luxury sport sedan launched in 2012. It now sells four models: two cars, the 3 and S; and two crossover SUVs, the X and Y. Tesla plans the return of the Roadster, along with a "Cybertruck" pickup.

17.     Driving range is among the most important factors in consumer decisions on which electric car to buy, or whether to buy one at all. So-called range anxiety – the fear of running out of power before reaching a charger – has been a primary obstacle to boosting electric-vehicle sales.

18.     The Tesla Vehicles provide range estimates in real-time. The intention is to provide the driver with real-time updates on the electric vehicle battery's performance, which directly correlates to the range the vehicle can be driven. Accurate range estimates help to ensure that, as the battery drains, the driver knows to pull over at a charging station before the battery drains completely, leaving the driver and occupants stranded. Inaccurate range estimates can, indeed, lead a driver to being stranded, as the battery drains completely—and unexpectedly, based upon inaccurate range information.

19.     Tesla vehicles provide range estimates in two ways. First, through a meter on the screen that is always displayed. This meter can be toggled to indicate either the electric vehicle battery percentage remaining or the range (measured in miles or kilometers) remaining. Second, through the vehicle's navigation system, which estimates the range (indicated in battery percentage) remaining, as compared to the set destination. However, if no destination is input into the navigation system, the vehicle will not indicate a range estimate through this latter method.

20.     While Reuters could not determine whether Tesla still uses algorithms that boost in-dash range estimates, according to Reuters, automotive testers and regulators continue to flag the company for exaggerating the distance its vehicles can travel before their batteries run out.

COMPLAINT

21.     Following purchase, each Tesla Vehicle sets a suggested charge limit—that is, an upper limit to stop charging the battery. For example, if an 80% limit is set, the battery will continue to charge until it reaches 80% capacity, then will stop charging. This effectively ensures that the battery cannot be fully charged to 100%.

22.     A consumer can manually override the charge limit. However, Tesla recommends that consumers not exceed the suggested charge limit. Tesla specifically suggests that consumers "[c]harge the battery to the appropriate charge limit for your vehicle based on the installed battery."

23.     Tesla suggests that Tesla owners should charge their vehicle to full 100% capacity only sparingly. In fact, Tesla's chief executive officer, Elon Musk, suggests that owners should only charge to 90% or 95% when necessary.

24.     Setting charge limits directly impacts total range. Tesla's advertised total range of its vehicles are based on a full charge. However, because Tesla discourages owners from ever charging their vehicles to 100%, it is increasingly difficult—if not impossible—to ever reach that advertised range. For example, setting the vehicle's charge limit at 80% can reduce the total range by hundreds of miles, compared to the advertised range. Based upon Tesla's suggested charge limits, Tesla vehicles cannot reach the total ranges Tesla advertises.  Notably, while Tesla openly advertises its total range estimates (which already are exaggerated) to consumers at the point of purchase, it does not indicate to consumers that they can expect to limit the vehicle's total range by setting charge limits.

25.     Moreover, Tesla exaggerates its Vehicles' range.

26.     Indeed, in 2023, South Korean regulators, cited Tesla for false advertising. The Korea Fair Trade Commission (KFTC) found that Tesla failed to tell customers that cold weather can drastically reduce its cars' range. It cited tests by the country's environment ministry that showed Tesla cars lost up to 50.5% of the company's claimed ranges in cold weather. The KFTC also flagged certain statements on Tesla's website, including one that claimed about a particular model: "You can drive 528 km (328 miles) or longer on a single charge." Regulators required Tesla to remove the "or longer" phrase. Korean regulators required

COMPLAINT

1   Tesla to publicly admit it had misled consumers. Musk and two local executives did so in a June

2   19 statement, acknowledging "false/exaggerated advertising." South Korean also regulators

3   fined Tesla about $2.1 million for falsely advertised driving ranges on its local website between

4   August 2019 and December 2022.

5          27.    Further, the EPA has required Tesla since the 2020 model year to reduce the

6   range estimates the automaker wanted to advertise for six of its vehicles by an average of 3%.

7   The EPA told Reuters, however, that it expects some variation between the results of separate

8   tests conducted by automakers and the agency.

9          28.    Similarly, Reuters reported that data collected in 2022 and 2023 from more than

10  8,000 Teslas by Recurrent, a Seattle-based EV analytics company, showed that the cars'

11  dashboard range meters did not change their estimates to reflect hot or cold outside

12  temperatures, which can greatly reduce range.  Recurrent found that Tesla's four models almost

13  always calculated that they could travel more than 90% of their advertised EPA range estimates

14  regardless of external temperatures. Scott Case, Recurrent's chief executive, told Reuters that

15  Tesla's range meters also ignore many other conditions affecting driving distance.

16         29.    Electric cars can lose driving range for a lot of the same reasons as gasoline cars

17  — but to a greater degree. The cold is a particular drag on EVs, slowing the chemical and

18  physical reactions inside their batteries and requiring a heating system to protect them. Other

19  drains on the battery include hilly terrain, headwinds, a driver's lead foot and running the

20  heating or air-conditioning inside the cabin.

21         30.    Tesla vehicles provide range estimates in two ways: One through a dashboard

22  meter of current range that's always on, and a second projection through its navigation system,

23  which works when a driver inputs a specific destination. The navigation system's range

24  estimate, Case said, does account for a wider set of conditions, including temperature. While

25  those estimates are "more realistic," they still tend to overstate the distance the car can travel

26  before it needs to be recharged, he said.

27         31.    Recurrent tested other automakers' in-dash range meters – including the Ford

28  Mustang Mach-E, the Chevrolet Bolt and the Hyundai Kona – and found them to be more

accurate. The Kona's range meter generally underestimated the distance the car could travel, the tests showed. Recurrent conducted the study with the help of a National Science Foundation grant. Tesla, Case said, has consistently designed the range meters in its cars to deliver aggressive rather than conservative estimates: "That's where Tesla has taken a different path from most other automakers."

32.     Like their gas-powered counterparts, new electric vehicles are required by U.S. federal law to display a label with fuel-efficiency information. In the case of EVs, this is stated in miles-per-gallon equivalent (MPGe), allowing consumers to compare them to gasoline or diesel vehicles. The labels also include estimates of total range: how far an EV can travel on a full charge, in combined city and highway driving.

33.     EV makers have a choice in how to calculate a model's range. They can use a standard EPA formula that converts fuel-economy results from city and highway driving tests to calculate a total range figure. Or automakers can conduct additional tests to come up with their own range estimate. The only reason to conduct more tests is to generate a more favorable estimate, said Gregory Pannone, a retired auto-industry veteran cited by Reuters.  Pannone, co-authored a study of 21 different brands of electric vehicles, published in April 2023 by SAE International, an engineering organization. The research found that, on average, the cars fell short of their advertised ranges by 12.5% in highway driving. Pannone told Reuters that three Tesla models posted the worst performance, falling short of their advertised ranges by an average of 26%.

34.     Tesla does not use EPA's standardized formula for any of its Vehicles. Instead, Tesla conducts its own additional range tests on all of its models, resulting in inflated estimates compared to the ranges drivers actually experience.

35.     By contrast, many other automakers, including Ford, Mercedes and Porsche, continue to rely on the EPA's standardized formula to calculate potential range, according to agency data for 2023 models.  Doing so ensures that the potential range advertised to consumers reflects more conservative estimates based on real-world driving conditions, Pannone said.

36.     Whatever an automaker decides, the EPA must approve the window-sticker numbers. The agency told Reuters it conducts its own tests on 15% to 20% of new electric vehicles each year as part of an audit program and has tested six Tesla models since the 2020 model year.

37.     EPA data obtained by Reuters through the Freedom of Information Act showed that the audits resulted in Tesla being required to lower all the cars' estimated ranges by an average of 3%. The projected range for one vehicle, the 2021 Model Y Long Range AWD (all-wheel drive), dropped by 5.15%. The EPA said all the changes to Tesla's range estimates were made before the company used the figures on window stickers.

38.     The EPA said it has seen "everything" in its audits of EV manufacturers' range testing, including low and high estimates from other automakers. "That is what we expect when we have new manufacturers and new technologies entering the market and why EPA prioritizes" auditing them, the agency said.

39.     The EPA cautioned that individuals' actual experience with vehicle efficiency might differ from the estimates the agency approves. Independent automotive testers commonly examine the EPA-approved fuel-efficiency or driving range claims against their own experience in structured tests or real-world driving. Often, they get different results, as in the case of Tesla vehicles.

40.     Pannone called Tesla "the most aggressive" electric-vehicle manufacturer when it comes to range calculations. "I'm not suggesting they're cheating," Pannone said of Tesla. "What they're doing, at least minimally, is leveraging the current procedures more than the other manufacturers."

41.     Jonathan Elfalan, vehicle testing director for the automotive website Edmunds.com, reached a similar conclusion to Pannone after an extensive examination of vehicles from Tesla and other major automakers, including Ford, General Motors, Hyundai and Porsche.  All five Tesla models tested by Edmunds failed to achieve their advertised range, the website reported in February 2021. All but one of 10 other models from other manufacturers exceeded their advertised range.  Tesla complained to Edmunds that the test failed to account

1    for the safety buffer programmed into Tesla's in-dash range meters. So, Edmunds did further

2    testing, this time running the vehicles, as Tesla requested, past the point where their range

3    meters indicated the batteries had run out.

4         42.    Only two of six Teslas tested matched their advertised range, Edmunds reported

5    in March 2021. The tests found no fixed safety buffer. Edmunds has continued to test electric

6    vehicles, using its own standard method, to see if they meet their advertised range estimates. As

7    of July, no Tesla vehicle had, Elfalan said.  "They've gotten really good at exploiting the rule

8    book and maximizing certain points to work in their favor involving EPA tests," Elfalan told

9    Reuters. The practice can "misrepresent what their customers will experience with their

10   vehicles."

11        43.    Mercedes-Benz told Reuters it uses the EPA's formula because it believes it

12   provides a more accurate estimate. "We follow a certification strategy that reflects the real-

13   world driving behavior of our customers in the best possible way," the German carmaker said in

14   a statement quoted by Reuters.

15        44.    To address an overwhelming number of customer complaints regarding driving

16   range and request for service appointments to address the issue, in the summer of 2022, Tesla

17   created a "Diversion Team" in Los Vegas to handle only range cases, according to the people

18   familiar with the matter, as cited by Reuters.  Diversion Team employees were instructed to

19   thwart any customers complaining about poor driving range from bringing their vehicles in for

20   service and to cancel as many range-related appointments as possible.

21        45.    The office atmosphere at times resembled that of a telemarketing boiler room. A

22   supervisor had purchased the metallophone – a xylophone with metal keys – that employees

23   struck to celebrate appointment cancellations, according to the people familiar with the office's

24   operations.

25        46.    Advisers would normally run remote diagnostics on customers' cars and try to

26   call them, the people said. They were trained to tell customers that the EPA-approved range

27   estimates were just a prediction, not an actual measurement, and that batteries degrade over

28   time, which can reduce range. Advisors would offer tips on extending range by changing

driving habits. If the remote diagnostics found anything else wrong with the vehicle that was not related to driving range, advisors were instructed not to tell the customer, one of the sources said. Managers told them to close the cases.

47.     Tesla also updated its phone app so that any customer who complained about range could no longer book service appointments, one of the sources said. Instead, they could request that someone from Tesla contact them. It often took several days before owners were contacted because of the large backlog of range complaints, the source said.

48.     The update routed all U.S. range complaints to the Nevada diversion team, which started in Làs Vegas and later moved to the nearby suburb of Henderson. The team was soon fielding up to 2,000 cases a week, which sometimes included multiple complaints from customers frustrated they couldn't book a service appointment, one of the people said.

49.     The team was expected to close about 750 cases a week. To accomplish that, office supervisors told advisers to call a customer once and, if there was no answer, to close the case as unresponsive, the source said. When customers did respond, advisers were told to try to complete the call in no more than five minutes.

50.     In late 2022, managers aiming to quickly close cases told advisors to stop running remote diagnostic tests on the vehicles of owners who had reported range problems, according to one of the people familiar with the diversion team's operations. "Thousands of customers were told there is nothing wrong with their car" by advisors who had never run diagnostics, the person said. Reuters could not establish how long the practice continued.

51.     Tesla recently stopped using its diversion team in Nevada to handle range-related complaints, according to the person familiar with the matter. Virtual service advisors in an office in Utah are now handling range cases, the person said. Reuters could not determine why the change was made.

52.     Tesla was aware that its advertised electric vehicle ranges for the Tesla Vehicles were exaggerated and exceeded the actual range of the vehicle when driven in real-world driving conditions. Tesla, which employs its own proprietary method for calculating the range of its electric vehicles, was aware that this method of calculation produced aggressive and

exaggerated range estimates. Further, Tesla was aware that various driving and environmental factors negatively impacted the electric vehicle's range and that these factors were likely to occur in real-world driving conditions.

53.     Nevertheless, despite knowing this, Tesla did not inform consumers of this information when advertising their electric vehicle range estimates. For example, Tesla could have warned potential purchasers that cold weather would drastically lower the electric vehicle's range, but Tesla did not issue such a warning, instead only advertising an exaggerated range estimate.

54.     Tesla also was aware that its advertised range estimates were based on driving the electric vehicle with a full 100% charge of the electric vehicle battery. However, because Tesla suggests to customers that they establish a charge limit on their vehicles well-below full capacity, Tesla was aware that, in reality, customers would be unable to ever actually experience the full advertised range.

55.     Tesla should have warned potential purchasers that the ranges of the Tesla Vehicles could be negatively impacted by various driving and environmental factors that were likely to exist; but Tesla did not.

56.     Tesla should have warned potential purchasers that the ranges of the Tesla Vehicles were estimated based on full 100% battery charge, but that Tesla suggested that its model vehicles not be charged to full 100% battery charge on a regular basis.

57.     Tesla should have warned potential purchasers that the ranges of the Tesla Vehicles were not estimated based on EPA standardized formulae—despite Tesla advertising the range estimates as "EPA estimates"—but instead based on Tesla's own proprietary method and algorithms for calculating range, which allowed for a more aggressive estimate of total electric vehicle range.

58.     Tesla's conduct in falsely advertising its estimated vehicle ranges harmed Plaintiff at the point of sale and continues to harm members of the general public.

///

///

# FIRST CAUSE OF ACTION

## Violation of California Unfair Competition Law

### (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

59.     Plaintiffs re-allege and incorporate by reference each allegation set forth above.

60.     The UCL prohibits "acts of unfair competition," including "any unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." Defendant has committed acts of unfair competition proscribed by the UCL, including the acts and practices alleged herein.

61.     The UCL imposes strict liability. Plaintiffs need not prove that Defendant intentionally or negligently engaged in unfair and deceptive business practices – only that such practices occurred.

62.     Tesla has engaged in unfair competition and unfair and deceptive business practices by the conduct and statements described above, and by knowingly and intentionally misleading Plaintiffs and the public about the true nature of the range of the Tesla Vehicles. Tesla knew or reasonably should have known about the true nature of the vehicle range throughout the relevant period. Tesla should have disclosed accurate and truthful information concerning the vehicle range in its advertising and through its authorized dealerships. Tesla was in a superior position to know the true facts related to the vehicle range, and Plaintiffs and the general public could not reasonably be expected to learn or discover the true facts related to the Tesla Vehicles' range.

63.     These acts and practices have deceived Plaintiffs and are likely to deceive members of the general public.

64.     Plaintiffs and members of the general public consider the Tesla vehicles' driving range to be an important factor (if not the most important factor) when purchasing their Tesla Vehicles. The Vehicles' advertised range is material to the average, reasonable consumer.

65.     The misrepresented facts concerning the vehicle range are also material because they concern central functions of the electric vehicles (*e.g.*, the distance the vehicle can travel before needing to be recharged).

66.     Had Tesla disclosed the true vehicle range in its advertising, on its website's listing of Tesla vehicles for sale or the website's custom order tool, or through its authorized dealerships, Plaintiffs and other members of the consuming public would have learned of the true vehicle range and would have acted differently. Had Plaintiffs known about the true state of facts of the vehicle range capabilities of Tesla vehicles, they would not have purchased their vehicle or else would have paid substantially less for it. Accordingly, Plaintiffs overpaid for their Tesla vehicle and did not receive the benefit of their bargain.

67.     The injuries suffered by Plaintiffs, and the future injuries that members of the public will sustain absent public injunctive relief, are greatly outweighed by any potential countervailing benefit to consumers or to competition, nor are they injuries that Plaintiffs should have, or could have, reasonably avoided, or members of the public can avoid absent public injunctive relief.

68. .   One form of injunctive relief provided under the UCL is "public injunctive relief." Accordingly, as Defendant's misconduct primarily affects members of the general public, Plaintiffs seek public injunctive relief for the benefit of the general public.

69.     Indeed, by definition, the injunctive relief provided by the UCL has as its primary purpose and effect of prohibiting unfair and deceptive acts that threaten future injury to the general public.

70.     Further, as alleged above, Plaintiffs seek to enjoin future violations of California's consumer protection statute, the UCL, which by its very nature is relief oriented to, and for the benefit of, the general public. An injunction under the UCL is for the benefit of the general public and is designed to prevent further harm to the public at large. Defendant's misconduct is continuing, and Plaintiffs' requested relief has the primary purpose and effect of protecting the public from Defendant's ongoing harm. All members of the public can become customers of Defendant at some time in the future, and even if they do not, this does not negate the fact that public injunctive relief will nevertheless offer benefits to the general public.

71.     Indeed, Plaintiffs have already been harmed by and are on notice of Tesla's unfair and deceptive conduct. Accordingly, a public injunction of Tesla's unfair and deceptive

1 | practices will not directly benefit Plaintiffs because they have already been harmed and are

2 | already aware of the misconduct, and will have the primary purpose and effect of protecting

3 | members of the general public.

4 |      72.     In addition, the issues and claims alleged herein are matters of significant public

5 | interest and are likely to recur. Enjoining Defendant's conduct in violation of the UCL, a

6 | California statute intended to protect members of the consuming public, unquestionably is in the

7 | public interest.

8 |      73.     As a direct and proximate result of Defendant's acts and practices in violation of

9 | the UCL, Plaintiffs have suffered injury in fact and lost money or property as set forth above.

10 |      74.     Defendant's acts of unfair competition as set forth above present a continuing

11 | threat to the consuming public and will persist and continue to do so unless and until this Court

12 | issues appropriate injunctive relief. Plaintiffs also seek attorneys' fees and costs pursuant to,

13 | *inter alia*, C.C.P. § 1021.5.

14 |      75.     Accordingly, public injunctive relief is necessary and appropriate.

15 | **PRAYER FOR RELIEF**

16 |      WHEREFORE, Plaintiffs, for the benefit of the general public, pray for public injunctive

17 | relief, and further pray for relief and judgment against Defendant follows:

18 |      1.     For an Order requiring that, *inter alia*, Defendant, on a going forward basis,

19 | disclose that (1) Tesla's advertised total mileage range for the Tesla Vehicles is based on

20 | charging the Vehicle to 100%, but Tesla discourages charging its vehicles to 100%; therefore,

21 | Tesla's advertised mileage range for the Tesla Vehicles is misleading; (2) the range of the Tesla

22 | Vehicles can drop by up to 50% in cold weather, comparted to advertised ranges for the Subject

23 | Vehicles; and (3) that the ranges of the Tesla Vehicles were not estimated based on EPA

24 | standardized formulae—despite Tesla advertising the range estimates as "EPA estimates"—but

25 | instead based on Tesla's own proprietary method for calculating range, which allowed for a

26 | more aggressive estimate of total electric vehicle range

27 |      2.     For an award of attorneys' fees and costs pursuant to California Code of Civil

28 | Procedure § 1021.5, or as may otherwise be allowed by law;

1        3.     For leave to amend the Complaint to conform to the evidence produced at trial;

2  and,

3        4.     For all other relief as may be appropriate under the circumstances.

4  Dated: September 12, 2023             Respectfully submitted,

**POMERANTZ LLP**
**LAW OFFICES OF ZEV B. ZYSMAN, APC**

By: _____ /s/ Ari Y. Basser _____
Jordan L. Lurie
Zev B. Zysman
Ari Y. Basser

*Attorneys for Plaintiffs*

COMPLAINT

 Superior Court of Alameda County Public Portal

---

**23CV043575** ZAKS, et al. vs TESLA, INC., D/B/A IN CALIFORNIA AS TESLA MOT...

**Civil Unlimited** (Injunctive Relief Only (not d...)    Rene C. Davidson Courthouse / DEPT 23 - HON. Brad Seligman

Filed: 09/12/2023    Next Hearing: 11/14/2023 Complex Determination Hearing

[Document Download]

## Case Summary

Register of Actions    Participants    Future Hearings

| Date | Message | Category | Download |
|------|---------|----------|----------|
| 09/12/2023 | Complaint<br>Filed by: Irena Zaks (Plaintiff); Gary Zaks (Plaintiff)<br>As to: Tesla, Inc., d/b/a in California as Tesla Motors, Inc. (Defendant) | Document | ⬇ |
| 09/12/2023 | Civil Case Cover Sheet<br>Filed by: Irena Zaks (Plaintiff); Gary Zaks (Plaintiff)<br>As to: Tesla, Inc., d/b/a in California as Tesla Motors, Inc. (Defendant) | Document | ⬇ |
| 09/12/2023 | Miscellaneous - Other Alternative Dispute Resolution Information<br>Received from: Irena Zaks (Plaintiff); Gary Zaks (Plaintiff)<br>As to: Tesla, Inc., d/b/a in California as Tesla Motors, Inc. (Defendant) | Document | ⬇ |
| 09/12/2023 | Summons on Complaint<br>Issued and Filed by: Irena Zaks (Plaintiff); Gary Zaks (Plaintiff)<br>As to: Tesla, Inc., d/b/a in California as Tesla Motors, Inc. (Defendant) | Document | ⬇ |
| 09/12/2023 | Miscellaneous - Other Civil Case Cover Sheet Addendum<br>Received from: Irena Zaks (Plaintiff); Gary Zaks (Plaintiff)<br>As to: Tesla, Inc., d/b/a in California as Tesla Motors, Inc. (Defendant) | Document | ⬇ |
| 09/12/2023 | Notice of Case Management Conference<br>Filed by: Clerk | Document | ⬇ |
| 09/12/2023 | Notice of Case Assignment<br>Filed by: Clerk | Document | ⬇ |
| 09/14/2023 | Initial Case Management Conference scheduled for 02/28/2024 at 03:00 PM in Rene C. Davidson Courthouse at Department 25 | Event | |
| 09/14/2023 | Case assigned to Hon. James Reilly in Department 25 Rene C. Davidson Courthouse | Assignment | |
| 09/25/2023 | Complex Determination Hearing scheduled for 11/14/2023 at 09:15 AM in Rene C. Davidson Courthouse at Department 23 | Event | |
| 09/27/2023 | Request Plaintiffs' Request/Application in Support of Complex Case Determination<br>Filed by: Irena Zaks (Plaintiff); Gary Zaks (Plaintiff) | Document | ⬇ |
| 09/27/2023 | Updated -- Request Plaintiffs Application in Support of Complex Case Determination:<br>Name Extension changed from Plaintiffs' Request/Application in Support of Complex Case Determination to Plaintiffs Application in Support of Complex Case Determination | Document | ⬇ |

| Date | Message | Category | Download |
|------|---------|----------|----------|
| 09/29/2023 | Proof of Personal Service<br>Filed by: Irena Zaks (Plaintiff); Gary Zaks (Plaintiff)<br>As to: Tesla, Inc., d/b/a in California as Tesla Motors, Inc. (Defendant)<br>Service Cost Waived: No<br>Service Cost: 40.00<br>Service Date: 09/28/2023 | Document |  |
| 10/06/2023 | Notice of Case Reassignment (Civil)<br>Filed by: Clerk | Document | |
| 10/06/2023 | Case reassigned to Rene C. Davidson Courthouse in Department 23 - Hon. Brad Seligman<br>Reason: Other | Assignment | |

Copyright © Journal Technologies, USA. All rights reserved.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Tesla, Inc., d/b/a Tesla Motors, Inc., and Does 1 to 100

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
09/14/2023
Chad Finke, Executive Officer / Clerk of the Court
By: _____ D. Drew _____ Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Irena Zaks and Gary Zaks

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*   Alameda County Superior Court

1225 Fallon St.
Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*
23CV043575

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jordan L. Lurie, Pomerantz LLP, 1100 Glendon Avenue, 15th Floor, Los Angeles, CA 90024 / (310) 432-8492

DATE: September 12, 2023        09/12/2023        Clerk, by _____ D. Drew _____ , Deputy
*(Fecha)*                                        *(Secretario)*                        *(Adjunto)*



*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jordan L. Lurie (SBN 130013)<br>Ari Y. Basser (SBN 272618)<br>POMERANTZ LLP, 1100 Glendon Avenue, 15th Floor<br>Los Angeles, CA 90024 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>09/12/2023 at 11:06:29 AM<br>By: Darrell Drew,<br>Deputy Clerk |

TELEPHONE NO.: (310) 432-8492    FAX NO.:

ATTORNEY FOR *(Name):* Plaintiffs Irena Zaks and Gary Zaks

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS: 1225 Fallon St.
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Alameda County Courthouse

CASE NAME:
Irena Zaks and Gary Zaks v. Tesla, Inc., d/b/a Tesla Motors, Inc.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ **Counter** ☐ **Joinder**<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 23CV043575 |
| | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 1
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 12, 2023

Ari Y. Basser
(TYPE OR PRINT NAME)                          ► *Ari Y. Basser*
                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.<br>www.FormsWorkflow.com

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

Electronically Received 09/12/2023 11:06 AM

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial.  You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?**  Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**:  Mediators do not charge fees for the first two hours of mediation.  If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation**:  This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial and the rules of evidence are often relaxed.  Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program** (non-binding):  The judge can refer a case or the parties can agree to use judicial arbitration.  The parties select an arbitrator from a list provided by the court.  If the parties cannot agree on an arbitrator, one will be assigned by the court.  There is no fee for the arbitrator.  The arbitrator must send the decision (award of the arbitrator) to the court.  The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated.  This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services.  Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA  94702-1612
Telephone: (510) 548-2377      Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA  94550
Telephone: (925) 373-1035      Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA  94607
Telephone: (510) 768-3100      Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                      FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1.  Date complaint filed: _____.  An **Initial Case Management Conference** is scheduled for:

    Date:                          Time:                          Department:

2.  Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

    ☐ Court mediation          ☐ Judicial arbitration

    ☐ Private mediation        ☐ Private arbitration

3.  All parties agree to complete ADR within 90 days and certify that:

    a.  No party to the case has requested a complex civil litigation determination hearing;
    b.  All parties have been served and intend to submit to the jurisdiction of the court;
    c.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
    d.  Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
    e.  Case management statements are submitted with this stipulation;
    f.  All parties will attend ADR conferences; and,
    g.  The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____                ►_____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PLAINTIFF)

Date:

_____                ►_____

Form Approved for Mandatory Use <br> Superior Court of California, <br> County of Alameda <br> ALA ADR-001 [New January 1, 2010] **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** Cal. Rules of Court, <br> rule 3.221(a)(4)

(TYPE OR PRINT NAME)                                      (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

**ALA ADR-001**

| | |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE NUMBER.: |

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)                                            (SIGNATURE OF DEFENDANT)

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use<br>Superior Court of California,<br>County of Alameda<br>ALA ADR-001 [New January 1, 2010]        **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)<br>AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**        Cal. Rules of Court,<br>rule 3.221(a)(4)

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: | Case Number: |
|---|---|
| Irena Zaks and Gary Zaks v. Tesla, Inc. | |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE**
**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[x] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[  ] Hayward Hall of Justice (447)

[  ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [  ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [  ] yes  [  ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [  ] | 75 | Asbestos (D) |
| | Product liability (24) | [  ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [  ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [  ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [X] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [  ] | 80 | Civil rights (G) |
| | Defamation (13) | [  ] | 84 | Defamation (G) |
| | Fraud (16) | [  ] | 24 | Fraud (G) |
| | Intellectual property (19) | [  ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [  ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [  ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [  ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [  ] | 85 | Other employment (G) |
| | | [  ] | 53 | Labor comm award confirmation |
| | | [  ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [  ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [  ] | 81 | Collections (G) |
| | Insurance coverage (18) | [  ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [  ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [  ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [  ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [  ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [  ] | 94 | Unlawful Detainer - commercial  **Is the deft. in possession** |
| | Residential (32) | [  ] | 47 | Unlawful Detainer - residential  **of the property?** |
| | Drugs (38) | [  ] | 21 | Unlawful detainer - drugs  **[  ] Yes   [  ] No** |
| Judicial Review | Asset forfeiture (05) | [  ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [  ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [  ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [  ] Yes  [  ] No** | | |
| | Other judicial review (39) | [  ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [  ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [  ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [  ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [  ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [  ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [  ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [  ] | 19 | Enforcement of judgment |
| | | [  ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [  ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [  ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [  ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [  ] | 06 | Change of name |
| | | [  ] | 69 | Other petition |

Electronically Received 09/12/2023 11:06 AM

| # SUPERIOR COURT OF CALIFORNIA<br># COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>09/12/2023<br>Clad Phke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>D. Drew |
| PLAINTIFF(S):<br>Irena Zaks  et al | |
| DEFENDANT(S):<br>Tesla, Inc., d/b/a in California as Tesla Motors, Inc. | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>23CV043575 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| ASSIGNED JUDGE: | James Reilly |
| DEPARTMENT: | 25 |
| LOCATION: | Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 |
| PHONE NUMBER: | (510) 267-6941 |
| FAX NUMBER: | |
| EMAIL ADDRESS: | Dept25@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period required by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate).  Parties may arrange and pay for the attendance of a certified shorthand reporter.  In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available.  For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing.  Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**ASSIGNED FOR ALL PURPOSES TO**

**JUDGE** James Reilly

**DEPARTMENT** 25

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days."   The court's website contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

D. Drew, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

PLAINTIFF:
Irena Zaks  et al

DEFENDANT:
Tesla, Inc., d/b/a in California as Tesla Motors, Inc.

## NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
09/12/2023
Chad Finke, Executive Officer / Clerk of the Court
By: _____ Deputy
D. Drew

CASE NUMBER:
23CV043575

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | |
|---|---|
| Date: 02/28/2024    Time: 3:00 PM    Dept.: 25 | |
| Location: Rene C. Davidson Courthouse | |
| Administration Building, 1221 Oak Street, Oakland, CA 94612 | |

TO  DEFENDANT(S)/ATTORNEY(S)  FOR  DEFENDANT(S)  OF  RECORD:

The  setting  of  the  Case  Management  Conference  does  not  exempt  the  defendant  from  filing  a  responsive  pleading  as required by law, you must respond as stated on the summons.

TO ALL PARTIES  who  have  appeared  before  the  date  of  the  conference  must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement  may  be  filed  jointly  by  all  parties/attorneys  of  record  or  individually  by  each  party/attorney  of  record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If  you  do  not  follow  the  orders  above,  the  court  may  issue  an  order  to  show  cause  why  you  should  not  be  sanctioned under  Cal.  Rules  of  Court,  rule  2.30.  Sanctions  may  include  monetary  sanctions,  striking  pleadings  or  dismissal  of  the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference.  This  order  may  establish  a  discovery  schedule,  set  a  trial  date  or  refer  the  case  to  Alternate  Dispute Resolution,  such  as  mediation  or  arbitration.  Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>09/12/2023<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>D. Drew |
| PLAINTIFF/PETITIONER:<br>Irena Zaks  et al | |
| DEFENDANT/RESPONDENT:<br>Tesla, Inc., d/b/a in California as Tesla Motors, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23CV043575 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Ari Basser
Pomerantz LLP
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90245

Chad Finke, Executive Officer / Clerk of the Court

Dated: 09/14/2023                    By:

D. Drew, Deputy Clerk

**CERTIFICATE OF MAILING**

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>10/06/2023<br>Chad Finke , Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>Penelope Cabrera-Gamez |
| PLAINTIFF(S) / PETI<br>Irena Zaks  et al | |
| Tesla, Inc., d/b/a in California as Tesla Motors, Inc. | |
| **NOTICE OF CASE REASSIGNMENT** | CASE NUMBER:<br>23CV043575 |

EFFECTIVE   10/06/2023

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| ASSIGNED JUDGE: | Brad Seligman |
| DEPARTMENT: | 23 |
| LOCATION: | Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 |
| PHONE NUMBER: | (510) 267-6939 |
| FAX NUMBER: | |
| EMAIL ADDRESS: | Dept23@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate).  Parties may arrange and pay for the attendance of a certified shorthand reporter.  In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available.  For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**NOTICE OF CASE REASSIGNMENT**

**ASSIGNED FOR ALL PURPOSES TO**

**JUDGE** Brad Seligman _____

**DEPARTMENT** 23 _____

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days."   The court's website contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

Penelope Cabrera-Gamez, Deputy Clerk

**NOTICE OF CASE REASSIGNMENT**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>10/06/2023<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _George Cabrera Gamez_ Deputy<br>Penelope Cabrera-Gamez |
| PLAINTIFF/PETITIONER:<br>Irena Zaks  et al | |
| DEFENDANT/RESPONDENT:<br>Tesla, Inc., d/b/a in California as Tesla Motors, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23CV043575 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Ari Basser
Pomerantz LLP
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90245

Chad Finke, Executive Officer / Clerk of the Court

Dated: 10/06/2023                    By:

_George Cabrera Gamez_

Penelope Cabrera-Gamez, Deputy Clerk

**CERTIFICATE OF MAILING**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Pomerantz LLP<br>Ari Basser SBN 272618<br>600 Third Avenue 20th Floor<br>New York, NY 10016<br>　　　TELEPHONE NO:　　　　　　　　　FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:　abasser@pomlaw.com<br>　　ATTORNEY FOR *(Name)*:　Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Alameda<br>**09/29/2023**<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>　　　　　　V. Hutton |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF　Alameda |
|---|
| 　STREET ADDRESS:　1225 Fallon Street #109 |
| 　MAILING ADDRESS: |
| 　CITY AND ZIP CODE:　Oakland, 94612-4293 |
| 　BRANCH NAME:　Oakland Civil |

| PLAINTIFF / PETITIONER:　Irena Zaks, et al.<br>DEFENDANT / RESPONDENT:　Tesla, Inc., et al. | CASE NUMBER:<br>23CV043575 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>9652107 (21297839) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*:　Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, Notice of Case Management Conference, Plaintiff's Application in Support of Complex Case Designation
3. a. Party served *(specify name of party as shown on documents served)*:
   　TESLA, INC. d/b/a in California as TESLA MOTORS, INC.
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   　CT Corporation System - Diana Ruiz, Intake Specialist - Person Authorized to Accept Service of Process
4. Address where the party was served:
   　330 North Brand Blvd #700, Glendale, CA 91203
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:　Thu, Sep 28 2023　　(2) at *(time)*:　12:04 PM
   b. [ ] **by substituted service.** On *(date)*:　　　　　　　　at *(time)*:　　　　　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

   　　(1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   　　(2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   　　(3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   　　(4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
   　　　　from *(city)*:　　　　　　　　　　　　　　or [ ] a declaration of mailing is attached.
   　　(5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER:   Irena Zaks, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   Tesla, Inc., et al. | 23CV043575 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1)  on *(date):*                    (2)  from *(city):*

   (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section):*

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

   a.  ☐  as an individual defendant.

   b.  ☐  as the person sued under the fictitious name of *(specify):*

   c.  ☐  as occupant.

   d.  ☒  On behalf of *(specify):*    TESLA, INC. d/b/a in California as TESLA MOTORS, INC.

   under the following Code of Civil Procedure section:

   ☒  416.10 (corporation)                              ☐  415.95 (business organization, form unknown)
   ☐  416.20 (defunct corporation)                      ☐  416.60 (minor)
   ☐  416.30 (joint stock company/association)          ☐  416.70 (ward or conservatee)
   ☐  416.40 (association or partnership)               ☐  416.90 (authorized person)
   ☐  416.50 (public entity)                            ☐  415.46 (occupant)
   ☐  other:

7.  **Person who served papers**

   a.  Name:                            Martha Mauricio

   b.  Address:                         1400 N. McDowell Blvd., Suite 300 Petaluma, CA 94947

   c.  Telephone number:                800.938.8815

   d.  **The fee** for service was:     $40.00

   e.  I am:

   (1)  ☐  not a registered California process server.

   (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

   (3)  ☒  a registered California process server:

      (i)  ☐ owner   ☐ employee   ☒ independent contractor

      (ii)  Registration No:  2023117509

      (iii)  County:   Los Angeles

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   September 28, 2023

Martha Mauricio

_____
     (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack USA- P000618
1400 N McDowell Blvd Suite 300
Petaluma, CA 94947
800-938-8815

_____
                                (SIGNATURE)

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
09/27/2023 at 03:33:53 PM
By: Shabra Iyamu,
Deputy Clerk

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**POMERANTZ LLP**
Jordan L. Lurie, (SBN 130013)
jllurie@pomlaw.com
Ari Y. Basser, (SBN 272618)
abasser@pomlaw.com
1100 Glendon Avenue
15th Floor Los Angeles, CA 90024
Telephone: (310) 432-8492

**LAW OFFICES OF ZEV B. ZYSMAN, APC**
Zev B. Zysman (SBN 176805)
zev@zysmanlawca.com
15760 Ventura Boulevard, Suite 700
Encino, CA  91436
Telephone: (818) 783 8836

Attorneys for Plaintiffs Irena Zaks
and Gary Zaks

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| IRENA ZAKS and GARY ZAKS, on behalf of members of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>TESLA, INC. d/b/a in California as TESLA MOTORS, INC.  and Does 1 to 100, | Case No. 23CV043575<br><br>Hon. James Reilly<br>Department 25<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' APPLICATION IN SUPPORT OF COMPLEX CASE DESIGNATION**<br><br>Date:          November 14, 2023<br>Time:          9:15 a.m.<br>Location:     Dept. 23<br><br>Date Action Filed: September 12, 2023<br>Trial Date: Not yet set |

1    Plaintiffs Irena Zaks and Gary Zaks ("Plaintiffs"), respectfully submit this Application in

2    Support of Complex Case Designation pursuant to Local Rule 3.250.

3    When Plaintiffs filed this action on September 12, 2023, Plaintiffs checked the complex

4    box on the Civil Case Cover Sheet (CM-010).[1]  Local Rule 3.250 provides that, in all pending

5    cases not previously designated as complex, counsel may obtain a date for hearing requesting

6    complex designation by requesting a hearing with the clerk in the designated department.  In

7    support of complex designation, Plaintiffs state as follows:

8    This is a case requesting public injunctive relief on behalf of the general public in

9    California pursuant to *McGill v. Citbank, N.A.*, 2 Cal.5th 945 (2017).  This case should be

10   designated as a complex case under California Rule of Court ("CRC") 3.400.  CRC Rule

11   3.400(a) defines a "complex case" as "an action that requires exceptional judicial management

12   to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep

13   costs reasonable, and promote effective decision making by the court, the parties, and counsel."

14   CRC Rule 3.400(b) identifies five factors that bear on whether an action is a complex

15   case.  At least four of these factors are present here and strongly support designation of this case

16   as complex.  These factors are:

17        1.   Numerous pretrial motions raising difficult or novel legal issues that will be time-

18             consuming to resolve;

19        2.   Management of a large number of witnesses;

20        3.   Management of a substantial amount of documentary evidence; and,

21        4.   Substantial post judgment judicial supervision.

22   This action under California Business and Professions Code sections 17200, *et seq*. (the

23   "UCL") alleges that Defendant Tesla, Inc. d/b/a Tesla Motors, Inc. ("Defendant" or "Tesla") has

24   engaged and continues to engage in a wide-spread unfair and deceptive advertising campaign

25   related to its electric vehicles' range, which Tesla grossly overvalued when selling the vehicles

26   to Plaintiffs and the consuming public in California.  A key feature of electric vehicles is the

27   "range" of the electric vehicle—that is, the distance the electric vehicle can be driven on a single

28

---

[1] Upon filing, the case was assigned to the Honorable James Reilly in Department 25.

**PLAINTIFFS' APPLICATION IN SUPPORT OF COMPLEX CASE DESIGNATION**

battery charge, before requiring the driver to stop and recharge the vehicle. The electric vehicle's range directly correlates with the electric vehicle's battery charge. An electric vehicle's range is roughly equivalent to a gas-powered vehicle's potential range that it can be driven on a single tank of gas, or it's "distance to empty."  The electric vehicle's range is one of the most important features that consumers generally consider when purchasing an electric vehicle, because it correlates with the distance they can travel before needing to recharge the vehicle. In fact, when a consumer visits Tesla's website to view any of Tesla's various electric vehicle models, "range" is the first listed feature advertised among other key features. Understanding that this would be an important feature (if not the most important feature) to many consumers, and preying on this fact, Tesla marketed and continues to market its electric vehicles as having a grossly overvalued range in an effort to increase sales to consumers.

Tesla advertised its vehicles as having ranges that, in some instances, were 26% over the actual average range of the electric vehicle.  As a result of Tesla's unfair and deceptive business practices in advertising grossly overestimated range statistics for its electric vehicles to consumers, Tesla purchasers, including Plaintiffs, were harmed at the point of sale, and future customers in the general public will continue to be harmed absent comprehensive public injunctive relief.  Had Plaintiffs and other prior customers known that the advertised range of Tesla vehicles were grossly overestimated, they would not have bought Tesla model vehicles, or else would have paid substantially less for them.  Indeed, Plaintiffs are already on notice of Tesla's unfair and deceptive conduct.

Plaintiffs bring this action on behalf of the general public in California to redress Tesla's violations of the UCL and seek to compel Tesla to disclose to members of the general public that, with respect to Tesla Model 3, S, Y and X (collectively the "Tesla Vehicles"): (1) Tesla's advertised total mileage range for the Tesla Vehicles is based on charging the Vehicle to 100%, but Tesla discourages charging its vehicles to 100%; therefore, Tesla's advertised mileage range for the Tesla Vehicles is misleading; (2) the range of the Tesla Vehicles can drop by up to 50% in cold weather, compared to advertised ranges; and (3) that the ranges of the Tesla Vehicles were not estimated based on U.S. Environmental Protection Agency ("EPA")  standardized

formulae—despite Tesla advertising the range estimates as "EPA estimates"—but instead based on Tesla's own proprietary software method and algorithms for calculating range, which allowed for a more aggressive estimate of total electric vehicle range.  As such, the primary purpose and effect of this action is to enjoin *future* violations of the UCL, which by its very nature is relief oriented to, and for the benefit of, the general public.

This case raises numerous complex questions of law and fact regarding Tesla's unfair competition and unfair and deceptive practices based on the conduct and statements described above, and by misleading Plaintiffs and the general public about the true nature of the range of the Tesla Vehicles, including:

(a)     Whether Tesla model vehicles fail to deliver the advertised vehicle range in normal driving conditions;

(b)     Whether Tesla exaggerated its advertised estimated vehicle ranges;

(c)     Whether Tesla designed, manufactured, marketed, advertised, sold, or otherwise placed its model vehicles into the stream of commerce with such knowledge;

(d)     Whether Tesla's conduct to divert complaints from the public who voiced concerns over their Tesla model vehicle's range was part of a campaign unfairly and deceptively suppress driving range complaints and Tesla's wrongful conduct;

(e)     Whether members of the general public are likely to be harmed by the unfair and deceptive practices alleged herein;

(f)     Whether Defendant engaged in unfair and deceptive business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and,

(g)     Whether the general public are entitled to injunctive relief.

This action will likely involve numerous pretrial motions, including discovery-related motions, motions for injunctive relief, motions for summary judgment and/or adjudication which will raise difficult or novel legal and factual issues that will be time-consuming to resolve

**PLAINTIFFS' APPLICATION IN SUPPORT OF COMPLEX CASE DESIGNATION**

that pertain to: (1) Tesla's range representations in its advertising and marketing, and through its authorized dealerships and determining the accuracy of Tesla's range claims which may involve conducting independent testing to verify if the advertised range aligns with real-world performance; (2) evaluating the accuracy of the range claims by assessing the entire lifecycle of the vehicle, including the production of the batteries; (3) comparing Tesla range claims to competitors' electric vehicles and analyzing whether these comparisons are fair and based on objective data, especially if there are variations in testing methodologies among different manufacturers; (4) evaluating Tesla's advertising claims and impact on reasonable consumer expectations about the vehicle's range in real-world practice; and (5) analyzing regulations and standards for advertising claims related to electric vehicle range and Tesla's compliance or failure to comply with these regulations. In short, analyzing Tesla's range representations in advertising will involve a mix of technical, legal, and regulatory challenges. It will require a comprehensive understanding of the UCL, consumer protection regulations, electric vehicle technology, and testing methodologies to address the complex issues that may arise in pre-trial motions.

Further, this case will likely also involve managing, analyzing, and reviewing large amounts of documentary evidence, relating to vehicle range data or categories of range data, in digital and/or documentary form, that Tesla developed and tested based, in part, on Tesla's own proprietary software method and algorithms for calculating range for its vehicles and EPA test data. Plaintiffs also anticipate that discovery regarding these documents and related discovery issues will require management of a large number of witnesses.

In addition, putative class actions based on similar facts as the instant case, but seeking damages, have been filed in federal court in the Northern District of California. As a result, additional case management or pretrial motions likely will be required, further supporting Plaintiffs' request to designate this matter as complex.

Moreover, this case also will also involve complex issues relating to determining the appropriate scope of injunctive relief, including whether and to what extent post-judgment judicial supervision is required.

**PLAINTIFFS' APPLICATION IN SUPPORT OF COMPLEX CASE DESIGNATION**

1    In sum, due to the novel and complex issues raised by this specific action that will

2  require management of a large number of witnesses, and management of a substantial amount of

3  documentary evidence, Plaintiffs respectfully request that this case be treated as complex and

4  assigned to a single judge in the complex department for all purposes.

6  Dated: September 26, 2023                    Respectfully submitted,

7                                              **POMERANTZ LLP**
                                               **LAW OFFICES OF ZEV B. ZYSMAN, APC**

9

10                            By: _____

11                                              Jordan L. Lurie
                                               Ari Y. Basser
                                               Zev B. Zysman
12                                              *Attorneys for Plaintiffs*

**PLAINTIFFS' APPLICATION IN SUPPORT OF COMPLEX CASE DESIGNATION**