UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IRENA ZAKS, ET AL.,** | **Case No.:** 4:23-cv-5556-YGR |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |
| v. | Re: Dkt. No. 14. |
| **TESLA, INC., ET AL.,** | |
| Defendants. | |

Pending before the Court is plaintiffs Irena Zaks and Gary Zaks' motion to remand. (Dkt. No. 14.) Plaintiffs argue that the Court must remand this case to state court because it lacks equitable jurisdiction.[1] Defendant Tesla, Inc. opposes. Having carefully considered the papers submitted, and for the reasons set forth below, the Court **GRANTS** the motion to remand.[2]

Tesla removed this case from state court on the grounds that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Dkt. No. 1.) Plaintiffs do not deny that this Court has subject matter jurisdiction. Instead, plaintiffs argue that, because they seek only equitable relief under California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, *et seq.*, and have not pled that that they lack an adequate legal remedy, the Court lacks equitable jurisdiction.

---

[1] Because the Court, as explained below, finds that it lacks equitable jurisdiction, the Court does not address plaintiffs' alternative argument that they lack Article III standing.

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

1    In support, plaintiffs rely on Judge Orrick's comprehensive order granting a motion to
2 remand for lack of equitable jurisdiction in *Guthrie v. Transamerica Life Ins. Co.*, 561 F.Supp.3d
3 869 (N.D. Cal. 2021). In *Guthrie*, Judge Orrick applied *Sonner v. Premier Nutrition Corp.*, 971
4 F.3d 834 (9th Cir. 2020) to decide whether he possessed equitable jurisdiction over a UCL claim
5 where plaintiffs sought equitable restitution but had not alleged that they lacked an adequate
6 remedy at law. 561 F.Supp.3d at 874. After laying out the history of equitable jurisdiction and
7 explaining *Sonner*'s holding, Judge Orrick found that "under the interpretation that I and all district
8 courts of which I am aware have adopted—a court lacks equitable jurisdiction if a plaintiff fails to
9 *plead* that she lacks an adequate remedy at law. And it follows that, if a plaintiff fails to plead (or at
10 least refuses to plead) that she lacks an adequate remedy at law, the court does not have equitable
11 jurisdiction over the claim." *Id.* at 876. Finally, Judge Orrick agreed with plaintiffs that the remedy
12 for a case that began in state court where the federal court lacks equitable jurisdiction is remand. *Id.*
13 at 877 (citing *Cates v. Allen*, 149 U.S. 451 (1893)).

14    The analysis in *Guthrie* applies equally here.  The Court need not repeat Judge Orrick's
15 lengthy analysis.  In short, plaintiffs seek only equitable relief under the UCL.  They admit that
16 they intentionally do not seek a remedy at law.  Thus, they have failed to even plead an adequate
17 remedy at law in support of their action.  Notably, plaintiffs argue that such an allegation is not
18 necessary in state court for the UCL claim to be adequately pled. The Court therefore adopts Judge
19 Orrick's reasoning in *Guthrie*.

20    Tesla does not give the Court any reason to depart from Judge Orrick's well-reasoned order.
21 With respect to the observation that in contrast to *Guthrie*, plaintiffs here do not seek equitable
22 restitution, the distinction is one without a difference. Both restitution and injunctive relief are
23 forms of equitable relief that require equitable jurisdiction. Tesla points the Court to no precedent
24 holding otherwise.

25    The Court understands, and agrees, with Tesla's perspective that judicial efficiency would
26 be promoted if all plaintiffs remained before a single judge rather than taxing multiple judges with
27 the same issues, especially given the significant understaffing and case loads of the state court
28 judges.  That said, here, judicial efficiency does not prevail over plaintiffs' ability to be the

"master" of their complaint. This dispute does not present so many actions as to qualify as a multidistrict litigation or require the consolidation and coordination of myriad state court actions. To the extent this Court conducts legal analysis in the related actions that may be applicable to the state court proceedings, Tesla can always provide the state court with this Court's analysis. The state court can then independently determine whether such analysis is persuasive and therefore decrease its burden.

For the reasons stated, the Court **GRANTS** plaintiffs' motion to remand. Given the case started in state court before Tesla removed it to federal court, no reason exists to dismiss and require plaintiffs to refile in the same jurisdiction.

The clerk of the court shall remand to the Superior Court of the State of California, Alameda County and shall close the file.

This terminates Docket No. 14.

**IT IS SO ORDERED**.

Date: **January 16, 2024**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**